**Shou Qi CHANG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
Respondent.**

**No. 03–4659.**

United States Court of Appeals,
Second Circuit.

Nov. 4, 2005.

Sunit K. Joshi, Cyril Murray, Joshi & Associates, PC, New York, NY, for Petitioner.

Mathew D. Orwig, United States Attorney for the Eastern District of Texas, Suellen Ratliff, Assistant United States Attorney, Tyler, TX, for Respondent, of counsel.

PRESENT: LEVAL, STRAUB, and HALL, Circuit Judges.

In his petition for review, Chang asserts that the Immigration Judge ("IJ") erred in denying his application for asylum and withholding of removal. The IJ's decision was based on an adverse credibility determination. Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision directly. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). In doing so, we defer to the IJ's factual findings if they are supported by "substantial evidence." *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (quotation marks and citation omitted). "Under this standard, we will not disturb a factual finding if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Id.* (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). This Court grants "particular deference" to the credibility findings of the IJ. *Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997).

We find that substantial evidence supported the IJ's adverse credibility determination. The IJ found Chang's testimony to be inconsistent because, *inter alia*, Chang initially testified that he had "three sons," only to later claim that he had two sons and one daughter; and Chang testified that he did not pay for the false passport that he used to gain entry in the United States only to later concede that he paid $16,000 to come to the United States. As the IJ observed, the fact that Chang was able to pay this large sum to be smuggled into the United States ran counter to his testimony that he could not afford to pay 3000 RMB to save his wife from sterilization just weeks before. The IJ's adverse credibility finding was also based the logical gap on the face of Chang's asylum application, which indicates that Chang's wife was sterilized on October 17, 1989, but that she underwent a forcible abortion on November 3, 1989. Although one copy of the asylum application has a handwritten correction to the sterilization date, changing it to November 17, it appears that this correction was made either during the asylum interview or at the hearing itself. When an IJ's adverse credibility finding is based on "specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on ... inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Zhang v. INS*, 386 F.3d 66, 74 (2d Cir. 2004) (internal quotation marks and citation omitted).

We do have serious reservations about any reliance the IJ may have placed on Item 27 of Chang's asylum application, in which he checked the box for "no" in response to the question, "Was exit permission required to leave your country." The IJ noted that Chang "then states he left China without permission." What the IJ neglects to mention is that Chang makes this statement directly underneath the check-box in Item 27 (as well as in the addendum to his application and in his testimony). There is, therefore, no doubt as to Chang's meaning, and the only conclusion that can be drawn from the check-box is that Chang simply misunderstood the question.

Nonetheless, the other grounds articulated by the IJ in support of the adverse credibility finding are sufficient for us to sustain that finding. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 182 n. 3 (2d Cir.2004) (affirming adverse credibility finding in spite of disagreement with one of the bases for that finding); *Jin Chen v. DOJ*, 426 F.3d 104, 115 (2d Cir.2005) (same). *Cf. Chun Gao v. Gonzales*, 424 F.3d 122 (2d Cir.2005) (remanding for IJ to reconsider and reevaluate adverse credibility finding because some of its bases lacked the support of substantial evidence in the record, or were predicated upon an inaccurate perception of the record).

Chang failed to identify any "reliable, specific objective supporting evidence" that he will face persecution upon return to China or that he was subject to past persecution. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). Because he failed to establish entitlement to asylum, his claim for withholding of removal necessarily fails. *See id.*

For these reasons, the petition for review is DENIED, and the pending motion for a stay of removal is also DENIED.